Harris, J.,
delivered the opinion of the Court.
At the March Term of the Circuit Court for the county of Gibson, the grand jury made a presentment against the plaintiffs in error for neglecting, as mayor and aldermen of the town of Trenton, to keep the public streets in repair. There was a plea of “not guilty,” and a verdict thereon for the State. The defendants moved for a new trial and also in arrest of judgment, which motions were overruled by the Court, and judgment was rendered on the verdict; to reverse which, an appeal in error is prosecuted to this Court.
It is now insisted by the plaintiffs in error that there are no sufficient averments in the presentment to charge them as a body politic, and that they are not personally liable.
The presentment is not technically a presentment against the corporation, but is against the defendants personally; averring that they were the mayor and aldermen of the town of Trenton, and, as such, neglected to perform their duty in keeping the public streets of said town in repair, but permitted the same to remain *445 ruinous and out of repair, etc.; and the question is, can they he thus held liable?
“Where an officer neglects a duty incumbent on him either by common law or statute, he is indictable for his offence, and this whether he be an officer of the common law or appointed by an act of the Legislature.” 8 Arch. Orim. P. P., 463; 4 Blackstone’s Oom., 140.
“It may be observed that where a duty is thrown on a body consisting of several persons, each is individually liable for a breach of duty, as well for acts of commission as for omission.” Rex vs. Holland, 5 T. R. 607; 3 Arch. C. P. P., 463.
In Maine it has been held that where an offence is committed by virtue of corporate authority, the individuals concerned in its commission, in their personal capacity and not as a corporation, must be indicted. 1 Arch. Orim. P., 8, note, citing 20th Maine R., 41.
“It was formerly imagined that an indictment would not lie against a corporation aggregate; and it was then the custom to join in the indictment with the corporation, or indiet alone, such of the leading members of the body as principally caused the act or omission complained of.” 1 Arch. P. P., 8. It was afterwards holden, and is now settled, that an indictment will also lie against a corporation aggregate in their corporate name “for a breach of duty,” “as well for a misfeasance as a non-feasance.” Rex vs. The Birmingham and Gloucester Railway Company, 3 Q. B., 223; 1 Arch. Cr. P. P., 8.
The case of The State vs. Barksdale, Mayor, etc., was a presentment against the corporation of the town of Clarksville; and Barksdale, the mayor of the town, was “ alone found guilty upon a charge that a street in *446 the town was permitted to remain out of repair.” And it was held that he was not “responsible individually therefor.” 5 Humph., 154.
The case of The State vs. The Mayor and Aldermen of Murfreesboro’, 11 Humph., 217, was also a presentment against the corporation, and not against the mayor and aldermen individually, . and the presentment was sustained. These cases were correctly decided; but if the presentments had, as in the present case, set out the names of the persons constituting the board and holding the offices of mayor and aldermen, and by proper aver-ments charged a neglect of official duty, they would have then presented the question • that is now before the Court.
We hold, then, that, upon both reason and authority, the conviction in this case is sustained. The corporation of the town of Trenton is a municipal corporation, and as such is bound to keep the public streets in repair. The mayor and aldermen are the officers of the corporation, whose exclusive duty it is to levy and have the taxes collected and appropriated to this purpose, and to see that the streets are kept in proper repair; and if ■they neglect to do so, it is an official nonfeasance for which they are personally liable to indictment. The inhabitants of the town have no control over the streets; this belongs to the persons who compose the board of mayor and aldermen; and if these persons neglect their official duty, with what justice or propriety can the corporation be indicted, and thus tax the inhabitants, who have already been subjected to inconvenience through their negligence, with the payment of the fine and costs, instead of the individuals whose *447 official negligence produced the mischief complained of?
We think there is no error in the record, and affirm the judgment.